IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY HARRIS, #447582, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-18-1024 |
| J. PHILIP MORGAN, et al., | * | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on self-represented Petitioner Anthony Harris's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] Having reviewed the Petition as supplemented and amended (ECF Nos. 1, 12, 35), Respondents J. Philip Morgan, Warden of the Maryland Correctional Institution – Jessup, and the Attorney General of the State of Maryland's ("Respondents") Answer as supplemented (ECF Nos. 4, 18, 46), and Harris's replies (ECF Nos. 8, 20, 50), the Court finds no need for an evidentiary hearing. See R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2); Local Rule 105.6 (D.Md. 2018); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (noting that a petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Court will deny the Petition and decline to issue a certificate of appealability.

---

[1] Also pending before the Court is Harris's Motion for Status Hearing. (ECF No. 53). Because the Court will deny the Petition, it will deny the Motion for Status Hearing as moot.

## I.  BACKGROUND

**A.     State Proceedings**

On March 1, 2016, Harris pleaded guilty in the Circuit Court for Baltimore County, Maryland to possession with the intent to distribute heroin and drug trafficking with a firearm. State v. Harris, Case No. 03-K-14-003188 (Cir.Ct.Balt.Cnty.). On May 13, 2016, he was sentenced to fifteen years of imprisonment. (Pet. Writ Habeas Corpus ["Pet."] at 1, ECF No. 1; Limited Answer Writ Habeas Corpus ["Answer"], ECF No. 4, Ex. 1 ["Docket Entries"] at 11, ECF No. 4-1).

Harris filed a timely Application for Leave to Appeal. (Docket Entries at 11). On November 18, 2016, by his counsel, he filed a line of dismissal. (Answer Ex. 2 ["Mandate 782-16"] at 1, ECF No. 4-2). The case was dismissed, with the mandate issuing on December 2, 2016. (Docket Entries at 12; Mandate 782-16 at 1).

On November 22, 2016, Harris filed a Petition for Post-Conviction Relief, which the circuit court denied on October 16, 2017. (Docket Entries at 11–12; Pet. Ex. 10 ["Oct. 2017 Order"] at 14, ECF No. 1-10). On November 27, 2017, Harris sought leave to appeal from the denial of post-conviction relief. (Docket Entries at 14). On February 16, 2018, the Maryland Court of Special Appeals dismissed Harris's Application for Leave to Appeal as untimely pursuant to Maryland Rule 8-204(b)(2)(A), which provides that an application for leave to appeal shall be filed within thirty days after entry of judgment or order from which appeal is sought. (Answer Ex. 3 ["Mandate 2000-17"] at 1, ECF No. 4-3).

B.      **Federal Petition**

On April 9, 2018, Harris filed this § 2254 Petition, which alleges: (1) law enforcement officers lied in an application for a search warrant, (Pet. at 7); (2) he was under the influence of a muscle relaxer during the plea hearing, (id. at 8); and (3) the Baltimore County Circuit Court lacked jurisdiction to accept his plea because the State's investigation began in Baltimore City, (id. at 9). Harris also challenges the circuit court's denial of post-conviction relief on the grounds that: (1) his original defense counsel failed to investigate facts relevant to the application for a search warrant and failed to subpoena officers and witnesses identified in the application, (id. at 8–9); (2) his replacement defense counsel failed to file a Motion for Modification under Maryland Rule 4-345(e), (id. at 8); (3) the circuit court mistakenly combined the original petition and its supplements, (id. at 9–10); and (4) the cumulative effect of his attorneys' errors warrants a new trial under Bowers v. State, 578 A.2d 734 (Md. 1990), (Pet. at 10).

On July 15, 2018, Respondents filed a Limited Answer, asserting that Harris's claims are procedurally defaulted and not subject to federal habeas corpus review. (Answer at 3). They argue that although Harris properly filed an application for leave to appeal from his guilty plea, he filed a line of voluntary dismissal on November 18, 2016, and the mandate dismissing the case issued on December 2, 2016. (Answer at 2–3; Docket Entries at 12; Mandate 782-16 at 1; Mandate 2000-17 at 1). They further argue that after the Circuit Court for Baltimore County denied his Petition for Post-Conviction Relief, the Maryland Court of Special Appeals dismissed his pro se application for leave to appeal as untimely

filed. (Answer at 3; Mandate 2000-17 at 1); see Keys v. State, 5 A.3d 1113, 1118 (Md.Ct.Spec.App. 2010) (time limit is jurisdictional).

In his July 2, 2018 Reply, captioned "TRAVERSE," Harris disputes Respondents' assertion that his claims are procedurally defaulted. He argues that his claims based on his guilty plea are not procedurally defaulted because he "could not appeal his conviction because of his guilty plea[.]" (Traverse ["Reply"] at 1, ECF No. 8). Regarding his claims relating to the denial of post-conviction relief, he argues that the Court of Special Appeals incorrectly determined his Application for Leave to Appeal was untimely filed. (Id.). Harris implies his late filing can be attributed to dilatory docketing. Harris asserts that: (1) the post-conviction order was never docketed; and (2) he mailed two timely applications for leave to appeal to the circuit court, both of which were postmarked November 14, 2017, and one of which he sent via certified mail. (Id.). He attaches exhibits showing fund disbursements from his prison accounts for postage on November 13 and November 17, 2017. (Reply Ex. 13 ["Postage Receipt"] at 1, ECF No. 8-3; Reply Ex. 14 ["Account Log"] at 2, ECF No. 8-4). He further attaches a copy of a United States Postal Service ("USPS") return receipt card addressed to the "Court Clerk, 401 Bosley Avenue, Towson, MD 21204," with the name "Watonia Roberts," stamped on the signature line and the date of receipt left blank. (Reply Ex. 12 ["Return Receipt"] at 1, ECF No. 8-2).

On July 31, 2018, Harris filed another exhibit, a letter dated July 17, 2018, from Circuit Judge Judith C. Ensor. Judge Ensor, who accepted Harris's guilty plea, reviewed his case file at his request and confirmed that the post-conviction order and opinion was signed on October 16, 2017, and docketed on October 17, 2017. (July 31, 2018

4

Correspondence, ECF No. 12, Ex. 16 ["Ensor Letter"] at 1, ECF No. 12-1). Judge Ensor confirmed that Harris's Application for Leave to Appeal the Denial of Post-Conviction Relief—she mentioned only one—was docketed on November 27, 2017, and that "the envelope in which it was delivered" has a "date stamp[] 'THU 16 NOV 2017am.'" (Ensor Letter at 1; Suppl. Answer Pet. Writ Habeas Corpus ["Suppl. Answer"], ECF No. 18, Ex. 1 ["Suppl. St. R."] at 27, ECF No. 18-1).

On November 5, 2018, at the direction of the Court, Respondents filed a Supplemental Answer to Harris's Reply. (ECF No. 18). In it, they argued that Harris has offered no excuse for withdrawing the Application for Leave to Appeal the Guilty Plea or for filing an untimely Application for Leave to Appeal from the Denial of Post-Conviction Relief. (Suppl. Answer at 4–14).

On February 11, 2020, Harris filed a Motion to Amend the Petition. (ECF No. 35). Through the Motion, Harris seeks to add claims that his rights under the Sixth and Fourteenth Amendments of the United States Constitution were violated when the State presented no witness testimony or other evidence to support a search and seizure warrant and when the state court denied his motion to suppress the warrant. (Mot. Amend at 1–2, ECF No. 35). He also seeks to add claims that his trial counsel and state post-conviction counsel failed to subpoena witnesses as he requested. (Mot. Amend at 1). On September 16, 2020, the Court issued an Order granting the Motion and ordering Respondents to file an Answer to the Amended Petition. (ECF No. 45). On October 16, 2020, Respondents filed a Limited Answer to Amended Petition for a Writ of Habeas Corpus asserting that

Harris's additional claims are similarly procedurally defaulted. (Limited Answer Am. Pet. Writ Habeas Corpus ["Answer Am. Pet."], ECF No. 46).

## II. DISCUSSION

### A. Standard of Review

Before seeking review pursuant to 28 U.S.C. § 2254, a person in custody must exhaust remedies available in state court by presenting each claim to the appropriate state court. A claim is procedurally defaulted when a petitioner has failed to present it to the highest state court with jurisdiction to hear it, and the state courts would now find that the petitioner cannot assert that claim. Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir. 2001) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)).

Procedurally defaulted claims are not subject to substantive federal habeas corpus review unless certain exceptions apply to excuse the procedural default. Procedural default may be excused if a petitioner can demonstrate (1) both "cause" for the procedural default and that he will suffer "prejudice" if the claims are not considered on their merits; or (2) that failure to consider the defaulted claim(s) would result in a miscarriage of justice, i.e., the conviction of someone who is actually innocent of the offenses. See Murray v. Carrier, 477 U.S. 478, 495–96 (1986); Breard, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." Breard, 134 F.3d at 620 (quoting Murray, 477 U.S. at 488). "Prejudice" exists if a petitioner can show not merely that the alleged errors "constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting [the] entire [proceeding] with error of constitutional dimensions." United States

6

v. Frady, 456 U.S. 152, 170 (1982). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. See Schlup v. Delo, 513 U S. 298, 314–15 (1995). Here, Harris does not assert that he is innocent of the offenses to which he pleaded guilty or that failure to consider his procedurally defaulted claims would result in a miscarriage of justice.

If a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. See Coleman v. Thompson, 501 U.S. 722, 749–50 (1991) (failure to note timely appeal); Murray, 477 U.S. at 489–91 (1986) (failure to raise claim on direct appeal); Murch v. Mottram, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction proceedings); Bradley v. Davis, 551 F.Supp. 479, 481 (D.Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default may also occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." Yeatts v. Angelone, 166 F.3d 255, 260 (4th Cir. 1999).

**B.      Analysis**

    **1.      Withdrawal of Application for Leave to Appeal**

In Maryland, a person convicted pursuant to a guilty plea may file an Application for Leave to Appeal the guilty plea. Md. Code Ann., Cts. & Jud. Proc. § 12-302(e). With the assistance of counsel, Harris filed an Application for Leave to Appeal, but later voluntarily withdrew the Application. Harris provides no explanation why his voluntary

7

withdrawal of his Application for Leave to Appeal should not render his claims procedurally defaulted. Further, Harris has not made the showing of either cause and prejudice or a fundamental miscarriage of justice necessary to overcome the procedural default. Nothing in the record suggests that Harris's procedural default was due to external circumstances. Rather, the record indicates that the decision was his own. Accordingly, the federal habeas claims based on his guilty plea will be dismissed as procedurally defaulted.

### 2. Untimely Application for Leave to Appeal

At bottom, Harris's challenge to his post-conviction proceedings contests factual findings made by the Court of Special Appeals that his Application for Leave to Appeal was untimely. As noted above, a federal habeas court ordinarily may not reach the merits of a claim if the state court's rejection of it "rest[ed] on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman, 501 U.S. at 729. A federal habeas petitioner's constitutional claim may be procedurally barred if: (1) it was not asserted in state court in accordance with state procedural requirements, and (2) the state court issuing the last reasoned opinion relied on that defect to reject the claim. Harris v. Reed, 489 U.S. 255, 263 (1989). This doctrine applies regardless of whether the default occurred at trial, on appeal, or on state collateral review. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). In addition, federal habeas courts lack "'license to question a state court's finding of procedural default' or to question 'whether the state court properly applied its own law.'" Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir. 2010) (quoting Barnes v. Thompson, 58 F.3d 971, 974 n.2 (4th Cir. 1995)).

Here, the Court of Special Appeals found that: (1) the circuit court docketed its post-conviction order on October 17, 2017; (2) Harris filed his Application for Leave to Appeal on November 27, 2017, outside the thirty-day deadline imposed by Maryland Rule 8-204(b)(2)(A); and (3) Harris's untimely filing warranted dismissal under Maryland Rule 8-602(a)(3). (Mandate 2000-17 at 1). Harris contends that the circuit court's order denying post-conviction relief was not docketed on October 17, 2017. (Reply at 1). He further asserts that he mailed two timely Applications for Leave to Appeal to the circuit court, both postmarked November 14, 2017. (Id.). These assertions, however, do not alter the outcome of this proceeding. Under Maryland Rule 8-204(b)(2)(A), Harris had until November 16, 2017, to file an Application for Leave to Appeal. At that time, this deadline required that the circuit court have <u>received</u> Harris's Application by November 16, 2017, not that he need only mail it by that date. See Court of Appeals of Maryland, 196th Rules Order at 3–7 (Oct. 10, 2018) (reflecting the subsequent decision by the Maryland courts to adopt the "mailbox rule" for post-conviction filings, effective January 1, 2019).[2] Only one certificate of service is date-stamped by the circuit court, and the stamp on that certificate of service indicates the application was "received and filed" on November 27, 2017, which is consistent with the factual determination made by the Maryland Court of Special Appeals. (Suppl. St. R. at 15). Respondents also traced Harris's certified mail receipt by its USPS tracking number. (Suppl. St. R. at 25–26); see Fed.R.Evid. 201(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be

---

[2] <u>Available at</u> https://www.mdcourts.gov/sites/default/files/rules/order/ro196_0.pdf.

9

accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). The records reflect that the USPS took possession of Harris's certified mail on November 15, 2017, and it was "returned to sender" on November 17, 2017. (Id. at 26). The reasons for the return are not provided; the pertinent fact, however, is that the USPS delivered the Application on November 17, 2017, one day after the filing deadline. Harris sent the second Application for Leave to Appeal by standard mail. The record shows an envelope postmarked "THU 16 NOV 2017 AM." (Id. at 27). The USPS postmark, however, does not indicate the date on which the circuit court received the Application. Under these circumstances, Harris fails to show that an external factor prevented his timely filing.

To the extent Harris asserts "cause" and "prejudice" to excuse procedural default, he does not demonstrate that an objective factor external to his defense impeded his efforts to comply with Maryland Rule 8-204(b)(2)(A). Harris also does not allege he is innocent of the crimes to which he pleaded guilty such that failure to review his claims will result in a fundamental miscarriage of justice. The circuit court's order denying post-conviction relief is stamped by the clerk's office as docketed on October 17, 2017. (Suppl. St. R. at 1; Docket Entries at 12). Judge Ensor confirmed the filing date in her letter to Harris. (Ensor Letter at 1). Harris's allegation of a docketing error or delay is refuted by the record, and there was no error that could have impeded his efforts to timely file his Application for Leave to Appeal.[3]

---

[3] Harris has filed a letter written to him by James Nichols of the Office of the Public Defender, informing him that as of October 30, 2017, the circuit court had not docketed

### 3.     Amended Claims

Harris claims that his rights under the Sixth and Fourteenth Amendments were violated when, at the suppression hearing, the State presented no supporting evidence for the search warrant. (Mot. Amend at 1). Harris has not addressed Respondent's assertions of procedural default, nor for reasons discussed above does the record provide a reason to excuse the default. Accordingly, the Court finds these claims procedurally defaulted.

### C.     **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue only if the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S.Ct. 759, 773–74

---

the post-conviction order even though it had been signed by that Court on October 16, 2017, and advising Harris that if he wanted to file an Application for Leave to Appeal, he should file it within thirty days of October 16, 2017. (Reply Ex. 11 ["Nichols Letter"] at 1, ECF No. 8-1). This letter indicates that Harris had actual notice of the order and the deadline to seek leave to appeal.

11

(2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Id.

Harris's claims are dismissed on procedural grounds and he has not made the requisite showing to warrant a certificate of appealability. The Court therefore declines to issue one. Harris may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See 28 U.S.C. § 2253(c)(1); Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### III.   CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition. A certificate of appealability shall not issue. A separate Order follows.

Entered this 26th day of February, 2021.

/s/
George L. Russell, III
United States District Judge